THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY PIERCE, Defendant-Appellant.

(No. 70-125; ▮▮▮▮▮▮▮▮

Second District—July 8, 1971.

John T. Beynon, Public Defender, of Rockford, (Frank P. Vella, Jr., Assistant Public Defender, of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (K. Craig Peterson, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was jointly indicted with one Carl Foster for burglary on the 12th of November, 1969. He entered a plea of not guilty and was tried before a jury on February 25, 1970, and found guilty of burglary. The defendant did not offer any evidence at the trial. Hearing in aggravation and mitigation was held on April 6, 1970, and the defendant was sentenced to 5-15 years in the Illinois State Penitentiary.

The grounds for reversal urged by the defendant in this case are (1) that the sentence of the court is excessive, (2) whether the defendant was found guilty beyond a reasonable doubt by the jury.

On the night of November 12, 1969, the premises of Robert Stenstrom Inc. in Rockford were burglarized. Police officer Jenkins was cruising the southeast area of Rockford with another police officer and noticed

a car parked three-quarters of a block from Stenstrom's at "a quarter to 1:00—1:30." A short time later they saw a man run across the lot and climb over the fence. The car belonged to Carl Foster. The police officers found an "RC" pop can in the car from which a thumb print was taken and found to be that of defendant Pierce.

At approximately 1:30 the defendant Pierce appeared at the Little Grill in Rockford. The cook at the Little Grill noticed that his hands and face were dirty and that he was sweaty. She said to him that he looked like he had been running and he told her No, that he had fallen down a hill. He took a cab from the Little Grill and the cab was stopped by two other policemen shortly thereafter. The officers found Gary Pierce in the cab, his sweat shirt was sweaty, his pants were torn in the right knee and had white dust on them, and his shoes had white powdery dust on them. His left hand, palm, and right knuckles were scraped. In response to questioning, the defendant said he had been playing football and was enroute to his grandmother's house. Upon searching the defendant the officers found he had no money. When they asked him how he was going to pay for the cab he said he was going to stop at a friend's house, Carl Foster, and borrow some money. Defendant was arrested and taken to the station.

In the Stenstrom premises the safe had been moved and the back forced open. There was a white substance from the safe throughout the offices. Chemical analysis was made of the substance on Pierce's pants and shoes and the substance in the back of the safe. The expert witness testified that the crystaline substance on the brown slacks of defendant Pierce was the same as the insulation from the safe. He further testified that by microscopic examination of defendant's shoes, he found paint on them to be the same elemental composition as the paint on the safe.

■■ This court is cognizant of the fact that most burglaries are not committed in the presence of witnesses, nor are there many burglaries committed where the defendant is apprehended in the act of burglary. As a result most frequently the proof of burglary is limited to circumstantial evidence.

In this case the defendant was observed by the waitress in the Little Grill in a sweaty, dirty condition, in the middle of the night and shortly thereafter was apprehended by two police officers and upon examination of his person was found to have a white powder on his pants and shoes which was subsequently identified as similar to the white powder or substance in the back of the safe.

■■ This court is not compelled to substitute its judgment for that of the jury where the evidence, direct or circumstantial, is such that the jury may find the defendant guilty beyond a reasonable doubt.

██ The second contention of the defendant is that the sentence is excessive. Upon the hearing in aggravation and mitigation it was disclosed that in 1962 the defendant was found guilty of robbery in Georgia and sentenced to three months in the county jail and placed on probation for five years. In 1966 he was sentenced to the State penitentiary for burglary in Rockford for 1-10 years; he served two years and was on parole at the time of the instant burglary. Thus, the defendant has been convicted three times for felonies and in the opinion of the trial court a sentence of 5-15 years for a third felony conviction was obviously deemed appropriate. The record does not show any mitigating evidence. Upon such facts as indicated above there is no abuse of judicial discretion on the part of the trial court in imposing this sentence. Judgment affirmed.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.